UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MATTHEW SIMS<br>*Plaintiff*<br>v.<br>STEVEN TEW, ET AL.<br>*Defendants* | NO. 25-666<br><br>JUDGE EDWARDS<br><br>MAG. JUDGE MCCLUSKY |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Matthew Sims alleges that the Monroe Police Department ("MPD"), Chief of Police Victor Zordan, and Detective Ross Lambert violated his constitutional rights by arresting him for domestic abuse battery and subjecting him to criminal prosecution. His claims fail for multiple, independent reasons and should be dismissed in their entirety.

First, MPD is not a juridical entity capable of being sued. Second, Chief Zordan and Detective Lambert were never properly served. And third, even if the Court reaches the merits, Sims fails to state a claim under either the Fourth or Fifth Amendment. Dismissal is warranted.

## I. Background

Sims was arrested on May 6, 2020, and charged with one count of misdemeanor domestic abuse battery. [Ex. 1, pp. 1-3].[1] Nearly twenty months later, on February 8, 2022, the State amended the charge to second-offense domestic abuse battery, a

[1] The arrest report does not mention Detective Ross Lambert; it identifies Officer Payne as the arresting officer. [Ex.1, p. 1]. Detective Ross Lambert was not even employed at the Monroe Police Department when Sims was arrested.

felony, based on Sims's prior domestic abuse battery conviction. [Ex. 1, p. 4]. On April 19, 2023, the State again amended the charges to add a felony second-degree battery count. [Ex. 1, p. 5]. On May 20, 2024, the morning of trial, the State dismissed all charges without prejudice. [Ex. 1, p. 6].

Sims now claims that his arrest and prosecution were "a prime example of malicious prosecution" in violation of his Fourth and Fifth Amendments rights. [Doc. 9, p. 3]. But Sims's Amended Complaint[2] offers little more than labels and conclusions. Sims alleges that "[i]nstead of properly investigat[ing] the case, Detective Ross Lambert simply accepted a false report that conflicts with bodycam footage and sworn testimony." *Ibid.* Sims also alleges that two years later an Assistant District Attorney upgraded the charges "based on his own conducted investigation," and claims – again without factual detail – that a "proper investigation" would have revealed conflicting statements. *Id.* Based on those scant allegations, Sims filed this § 1983 action against the Monroe Police Department, Chief Victor Zordan, and Detective Ross Lambert, seeking damages and costs.

## II. MPD lacks capacity to be sued.

Lack of capacity to be sued may be raised in a Rule 12(b) motion. *Roe v. Lowery*, No. 3:23-CV-01279, 2024 WL 5278884, at *6 (W.D. La. Dec. 18, 2024), *report and recommendation adopted,* No. CV 3:23-01279, 2025 WL 27615 (W.D. La. Jan. 3, 2025). This Court has held repeatedly that the Monroe Police Department is not a juridical

[2] Sims filed his original complaint on May 15, 2025. [Doc. 1]. Prior to serving the complaint on any party, Sims filed an Amended Complaint, [Docs. 6 and 7], which supersedes the original complaint, *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

entity and lacks capacity to be sued. *Badger v. Police Dept City of Monroe*, No. 3:21-CV-01311, 2021 WL 3394914, at *1 (W.D. La. July 19, 2021), *report and recommendation adopted,* No. 3:21-CV-01311, 2021 WL 3385006 (W.D. La. Aug. 3, 2021) (collecting cases). Because MPD lacks legal capacity, all claims against it must be dismissed.

### III. Chief Zordan and Detective Lambert were served improperly.

Challenges to sufficiency of service are raised under Rule 12(b)(5). *Green v. City of Monroe*, No. CV 3:22-00884, 2023 WL 2773543, at *3 (W.D. La. Mar. 16, 2023), *report and recommendation adopted,* No. CV 3:22-00884, 2023 WL 2764653 (W.D. La. Mar. 31, 2023). Without proper service, the Court lacks personal jurisdiction over the defendant and the proceedings are void. *Id.* (citations omitted). When service is challenged, the serving party bears the burden of proving its validity. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 5:19-CV-01062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Courts "may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Id.* (citations omitted).

The Amended Complaint does not specify whether Chief Zordan and Detective Lambert are sued in their individual or official capacities. That distinction matters. "An officer sued in his individual capacity must be served pursuant to Federal Rule of Civil Procedure 4(e)," which requires personal service, domiciliary service, or service on an authorized agent, or service permitted by state law. *Jackson v. Victor Chief Zordan*, No. 3:21-CV-03017, 2022 WL 3971063, at *5 (W.D. La. Aug. 15, 2022),

*report and recommendation adopted sub nom. Jackson v. Zordan*, No. 3:21-CV-03017, 2022 WL 3931458 (W.D. La. Aug. 30, 2022); *see also* La. C.C.P. arts. 1231-1235 (requiring personal or domiciliary service for individual defendant). Official-capacity service "is governed by Rule 4(j)(2)," which requires service on an organization's chief executive officer, or by using specific state law methods governing service on political subdivisions. *Jackson*, 2022 WL 3971063, at *5.; La. C.C.P. art. 1265.

Sims satisfied neither standard.[3] Chief Zordan found the pleadings in his office mailbox, without knowing who placed them there or when. [Ex. 2, p. 1]. Detective Lambert received a copy of the pleadings from another officer who also found them in an office mailbox. *Id.* at pp. 2-3. Service left at a police department "is generally insufficient to effect service on a police officer sued in his individual capacity." *Brown v. Lafayette City- Par. Consol. Gov't*, No. 13-CV-2436, 2014 WL 1212699, at *1 (W.D. La. Feb. 28, 2014). Nor does it satisfy the requirements for official-capacity suits. *Jackson*, 2022 WL 3971063, at *5; *Green*, 2023 WL 2773543, at *5. Because neither defendant was served properly, the claims against Chief Zordan and Detective Lambert should be dismissed for insufficient service of process.

## IV. Sims fails to state a claim for relief under the Fourth or Fifth Amendment.

Even if the Court reaches the merits, Sims's claims fail under Rule 12(b)(6).[4] To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

[3] There are no service returns in the record showing how Chief Zordan or Detective Lambert were served.

[4] Because Sims' claims fail on the merits, it would be futile to permit him another opportunity to serve these defendants.

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). Although pro se complaints are construed liberally, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations omitted). Even a pro se plaintiff, "must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010). In deciding a motion to dismiss, courts may consider documents incorporated by reference and matters of public record, including state-court proceedings. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008); *Stiel v. Heritage Numismatic Auctions, Inc.*, No. 19-10961, 2020 WL 2769099, at *3 (5th Cir. May 27, 2020).

**1. Sims's Fourth Amendment malicious prosecution claim should be dismissed.**

Sims asserts a Fourth Amendment malicious prosecution claim. [Doc. 9, p. 3]. To state a claim for malicious prosecution under § 1983, plaintiffs must plead: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its *bona fide* termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.'" *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). Sims plausibly pleads none of these elements beyond the existence of a prosecution and its dismissal.

Sims's allegation against the Monroe Police Department and its employees is a single sentence: "Instead of properly investigating the case, Detective Ross Lambert simply accepted a false report that conflicts with bodycam footage and sworn testimony." [Doc. 9, p. 3]. Sims does not allege any personal involvement by Chief Zordan or any connection between Chief Zordan's conduct and Sims's injury, which is required to state a claim against Chief Zordan under § 1983. *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). Sims' lone allegation also does not establish that probable cause was absent at the time of his arrest. *See Roy v. City of Monroe*, 950 F.3d 245, 255–56 (5th Cir. 2020) (explaining that probable cause may rest on a victim's report alone). Sims does not explain how the report was false, describe the body-camera footage, identify the allegedly conflicting testimony, or allege that the officer was aware of any facts that would have negated probable cause at the time of arrest. Sims' conclusory allegations are insufficient to establish a lack of probable cause or malice, essential elements of a malicious prosecution claim.

Even if Sims had adequately pleaded malicious prosecution, Chief Zordan and Detective Lambert are entitled to qualified immunity. The Fifth Circuit has held that the elements of a § 1983 malicious prosecution claim were not clearly established until *Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023), was decided in February 2023. *See Santander v. Salazar*, 133 F.4th 471, 482–83 (5th Cir. 2025) (explaining that "there was no clearly established law in this circuit to violate" until the court established the elements of a malicious prosecution claim in *Armstrong*). Sims was arrested in May 2020, almost three years before *Armstrong*. Because "officers cannot

be expected to conform to legal standards that have not yet been articulated," qualified immunity applies. *Limon v. City of Laredo*, No. 5:24-CV-113, 2025 WL 2208851, at *6 (S.D. Tex. Aug. 4, 2025).

**2. Sims's Fifth Amendment claim should be dismissed.**

Sims's Fifth Amendment claim fails as a matter of law. The Fifth Amendment's Due Process Clause applies only to federal actors, not state or local officials. *See Arnold v. Williams*, 979 F.3d 262, 270 (5th Cir. 2020) (holding that plaintiff failed to state claim under Fifth Amendment due process clause because defendant was an officer of the state rather than of the federal government). Because Sims alleges no involvement by federal actors, his Fifth Amendment claim must be dismissed. *Ristow v. Hansen*, 719 F. App'x 359, 364 (5th Cir. 2018).

## V. Conclusion

Sims's claims against the Monroe Police Department, Chief Victor Zordan, and Detective Ross Lambert should be dismissed in their entirety. MPD lacks capacity to be sued; Chief Zordan and Detective Lambert were never properly served; and, on the merits, Sims fails to state a claim under either the Fourth or Fifth Amendment. Dismissal is therefore warranted.