UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

JAN 2 0 2026

DANIEL J. McCOY, CLERK

MATTHEW SIMS                           NO. 25-666
            Plaintiff

V.                          JUDGE JERRY EDWARDS, JR.

STEVEN TEW, et al.                 MAG. JUDGE KAYLA D MCCLUSKY
Defendant

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now the plaintiff, Mathew Sims, who herby submits his response to Defendant's Motion to Dismiss and states as follow:

## I. INTRODUCTION

Plaintiff Matthew Sims, appearing pro se, respectfully submits this Response in Opposition to Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b). Defendants seek dismissal based on alleged lack of capacity, insufficient service of process, failure to state a claim, and qualified immunity. While Plaintiff acknowledges that certain procedural deficiencies may exist, dismissal with prejudice is unwarranted. When the Amended Complaint is construed liberally and the facts are accepted as true, Plaintiff has plausibly alleged constitutional violations, or, at minimum, should be granted leave to amend.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleadings, not the merits of the case. The Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. Pro se pleadings are held to less stringent standards and must be liberally construed.

## III. ARGUMENT

**A. Plaintiff Plausibly Alleges a Fourth Amendment Violation Based on Prolonged Prosecution Without Probable Cause**

Defendants characterize Plaintiff's allegations as conclusory. That framing ignores both the nature of Plaintiff's claim and the procedural posture of this case. Plaintiff does not allege merely that he was arrested and later acquitted. He alleges that law enforcement caused and continued a criminal prosecution despite the existence of evidence that materially conflicted with the sole inculpatory report, resulting in a multi-year deprivation of liberty.

Under Manuel v. City of Joliet, the Fourth Amendment governs not only the initial arrest, but also continued pretrial detention and prosecution when those restraints are unsupported by probable cause. The Fifth Circuit has repeatedly recognized that post-arrest deprivations of liberty may violate the Fourth Amendment when officers cause legal process to continue without probable cause.

**1. Plaintiff Alleges the Absence of Probable Cause Based on Contradictory Evidence**

Plaintiff alleges that Detective Ross Lambert accepted a false report despite the existence of body-camera footage and sworn testimony that conflicted with that report. These are not labels or conclusions. They are specific categories of evidence that, if credited, undermine probable cause.

While a victim's statement may sometimes support probable cause, probable cause dissipates when officers are aware of evidence that materially contradicts that statement and nevertheless proceed. Plaintiff alleges exactly that scenario here.

**2. The Multi-Year Escalation of Charges Supports an Inference of Unlawful Continuation of Legal Process**

The timeline of this case underscores the absence of probable cause. Plaintiff was arrested in May 2020 for a misdemeanor offense. Nearly two years later, following an independent investigation, the charge was upgraded. An additional felony charge was added in April 2023. All charges were ultimately dismissed on the morning of trial in May 2024.

This four-year prosecution, marked by escalating charges and ultimate dismissal, supports a reasonable inference that the prosecution was continued without probable cause, in violation of the Fourth Amendment.

### 3. Qualified Immunity Does Not Justify Dismissal at the Pleading Stage

Qualified immunity does not protect officers who rely on information they know to be false or who recklessly disregard evidence negating probable cause. At the Rule 12(b)(6) stage, the Court must accept Plaintiff's allegations as true.

### 4. Plaintiff's Due Process Claim Should Be Construed Under the Fourteenth Amendment

Although Defendants argue that the Fifth Amendment applies only to federal actors, dismissal with prejudice is not appropriate. Courts routinely construe due process claims against state actors as arising under the Fourteenth Amendment, particularly where the plaintiff is proceeding pro se.

### 5. Any Dismissal Must Be Without Prejudice and With Leave to Amend

Even if the Court finds Plaintiff's allegations insufficiently detailed, dismissal with prejudice would be improper. Rule 15 mandates that leave to amend be freely given, especially for pro se litigants. Plaintiff can cure any pleading deficiencies through amendment.

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss should be denied. Plaintiff has alleged sufficient factual matter to plausibly state that Defendants initiated and prolonged a criminal prosecution despite materially conflicting evidence undermining probable cause, resulting in prolonged liberty restraints and concrete economic and emotional harm. At the pleading stage, nothing more is required.

In the alternative, if the Court identifies any pleading deficiency, dismissal with prejudice would be inappropriate. Plaintiff therefore prays that the Court deny Defendants' Motion to Dismiss.


Respectfully submitted,

Mathew Sims
32 Mockingbird Dr.
Lake Orien MI, 48359
318-600-0895
**Pro Se Plaintiff** M.S.
Dated: ~~December 3rd, 2025~~
January 9th 2026