UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MATTHEW SIMS
                    *Plaintiff*

        v.

STEVEN TEW, ET AL.
                    *Defendants*

NO. 25-666

JUDGE EDWARDS

MAG. JUDGE MCCLUSKY

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

The Monroe Police Department, Chief Victor Zordan, and Detective Ross Lambert (the "MPD Defendants") moved to dismiss for lack of capacity, improper service, and failure to state a claim. Sims does not contest the first two defects. Those failures alone require dismissal.

Even if the Court were to reach the merits, Sims fails to state a claim. Sims does not allege any facts showing that any MPD Defendant caused the state-court judge to make a "baseless" or "tainted" probable cause determination, fabricated evidence, withheld exculpatory material, or knowingly relied on false information. His lone factual allegation – that Detective Lambert failed to "properly investigat[e] the case" by "accept[ing] a false report" that allegedly conflicted with other evidence – describes, at most, an imperfect investigation. The Constitution, however, does not police investigative perfection. Because Sims pleads no plausible Fourth or Fourteenth Amendment violation, the MPD Defendants are entitled to dismissal and qualified immunity.

1

### 1. Sims does not contest lack of capacity or service.

Sims does not dispute that MPD lacks capacity to be sued or that Chief Zordan and Detective Lambert were improperly served. *See* [Doc. 14-1, pp. 2-4].[1] While Sims characterizes those defects as mere "procedural deficiencies," [Doc. 21, p. 1], they go to the Court's authority to adjudicate at all. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (in the absence of proper service, "a court ordinarily may not exercise power over a party the complaint names as defendant"); *McLin v. Twenty-First Jud. Dist.*, 79 F.4th 411, 416 (5th Cir. 2023) (an entity lacks capacity "[w]here there is no constitutional or statutory authority" for it to be sued). Because MPD lacks capacity and the individual MPD Defendants were never properly served, the claims against them must be dismissed.

### 2. Sims fails to state a claim under the Fourth or Fourteenth Amendment.

Sims' only allegation against the MPD Defendants is one sentence: "Instead of properly investigating the case, Detective Ross Lambert simply accepted a false report that conflicts with bodycam footage and sworn testimony." [Doc. 9, p. 3]. Sims does not allege that Detective Lambert fabricated evidence, lied to a judge, knowingly relied on false information, recklessly omitted material facts, prepared or submitted a probable-cause affidavit, or participated in any judicial probable-cause determination. Sims also does not allege that Detective Lambert had any

---

[1] Sims filed service returns after the MPD Defendants filed the motion to dismiss. [Doc. 16]. The service returns indicate that Sims served Stacey Freeman, an MPD clerk. Service on the front desk clerk is improper. *Jackson v. Victor Chief Zordan*, No. 3:21-CV-03017, 2022 WL 3971063, at *4–5 (W.D. La. Aug. 15, 2022), *report and recommendation adopted sub nom. Jackson v. Zordan*, No. 3:21-CV-03017, 2022 WL 3931458 (W.D. La. Aug. 30, 2022).

involvement with ADA Smith's "independent investigations" or ADA Smith's decisions to upgrade or dismiss the charges. *See* [Doc. 9, p. 3 (alleging that increased charges were based on Smith's "own conducted investigation"); [Doc. 21, p. 2 (noting Smith's "independent investigation")]. And Sims does not allege that Chief Zordan had any involvement at all.[2] Under those circumstances, Sims fails to state a claim for relief under the Fourth or Fourteenth Amendment.

### A. Sims fails to state a Fourth Amendment claim for wrongful pretrial detention.

Sims' Amended Complaint asserted a claim for malicious prosecution. [Doc. 9, p. 3]. Because qualified immunity bars that claim against Chief Zordan and Detective Lambert, *see Espinal v. City of Houston*, 96 F.4th 741, 749 (5th Cir. 2024) (qualified immunity where the plaintiff "was arrested and indicted in 2020, when the constitutional malicious prosecution tort did not exist in" the Fifth Circuit), Sims now attempts to recharacterize his claim as wrongful pretrial detention under *Manuel v. City of Joliet, Ill.*, 580 U.S. 357 (2017). That rebranding does not help Sims here.

A claim for wrongful pretrial detention requires a plaintiff to show that a state court judge's determination of probable cause was "baseless" or "tainted" due to some action or inaction by the officer. *See Anders v. Town of Franklinton*, No. CV 25-869, 2025 WL 3017217, at *9 (E.D. La. Oct. 29, 2025); *Poullard v. Jones*, 596 F. Supp. 3d 729, 739–40 (N.D. Tex. 2022). Such a claim can be predicated on an officer's "knowing or reckless misstatements and omissions" in an affidavit or reports that resulted in a

---

[2] There is no allegation that Chief Zordan had any involvement in Sims' arrest or prosecution. Because Sims fails to allege any personal involvement by Zordan, his claims against Chief Zordan, under any theory, should be dismissed. *Ferguson v. Gates*, 602 F. Supp. 3d 942, 951 (W.D. La. 2022).

probable cause finding. *Winfrey v. Rogers*, 901 F.3d 483, 492–96 (5th Cir. 2018); *Garcia v. San Antonio, Texas*, 784 F. App'x 229, 232 (5th Cir. 2019). The claim can also arise when "a judge's probable-cause determination is predicated solely on a police officer's false statements." *Manuel*, 580 U.S. at 367. In each instance, the officer has been the cause of the wrongful probable cause determination. *But see Jones v. Perez*, 790 F. App'x 576, 582 (5th Cir. 2019) (no claim for wrongful detention where there was "no evidence" that officer "deliberately framed" the plaintiff, even if officer presented facts in affidavit in "too rosy" a light).

Sims' bare allegation fails. Sims' only factual assertion is that Detective Lambert "accepted a false report" that allegedly conflicted with body camera footage and sworn testimony. But the state court judge's probable cause determination was based on another officer's report, [Doc. 14-2, pp 1-2], and Sims does not allege how Detective Lambert had anything to do with that determination.[3] The Amended Complaint does not allege that Lambert fabricated evidence, lied to a judge, or knowingly or recklessly omitted material facts. Sims does not allege that Detective Lambert was aware of the supposedly conflicting evidence at the time probable cause was presented to a judge, only that such evidence "exist[ed]." [Doc. 21, p. 2.] That is not enough; the potential presence of evidence somewhere does not plausibly allege that Detective Lambert knew about it. The Fourth Amendment does not cover

---

[3] While Sims downplays the witness's statement that supported his arrest, the Fifth Circuit recently reaffirmed that a witness's statement alone can support probable cause. *See Tinoco v. City of Hidalgo, Texas*, No. 23-40543, 2025 WL 655079, at *8 (5th Cir. Feb. 28, 2025) (granting qualified immunity because there were "no cases—much less a controlling case or robust consensus of persuasive cases as our case law requires—showing that it is clearly established that an officer cannot rely on the testimony of a victim and direct witness to a crime to establish probable cause for an arrest").

allegedly negligent or incomplete investigations, and Sims does not allege that any judicial probable cause determination was "tainted" or "baseless" based on any action or inaction by Detective Lambert. Without allegations connecting Detective Lambert to the probable-cause presentation, causation fails as a matter of law. Sims fails to state a Fourth Amendment claim and the MPD Defendants are entitled to qualified immunity.

### B. Sims fails to state a Fourteenth Amendment due process claim.

Sims asks this Court to construe the Fifth Amendment claim (that he expressly brought) as a Fourteenth Amendment claim, [Doc. 21, p. 3], but he does not bother to explain how his bare allegation states a claim under that Amendment. While the Fifth Circuit has recognized that there is a general right to be "free from officers' witness interference and concealment of exculpatory evidence" *Green v. Thomas*, 129 F.4th 877, 885 (5th Cir. 2025), there is no such allegation here. Sims' allegation is that Detective Lambert failed to "properly investigat[e] the case." [Doc. 9, p. 3]. But the law does not require "that an officer perform a perfect investigation that uncovers all readily available exculpatory evidence." *Barfield v. Louisiana ex rel. Louisiana Dep't of Just.*, 325 F. App'x 292, 296 (5th Cir. 2009). Officers need not resolve every inconsistency before probable cause may exist, and Sims does not identify any factual support or precedent that supports his Fourteenth Amendment claim.

Even if a Fourteenth Amendment claim was viable, Sims has to show that the officer's conduct "[was] so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Carney v. New Orleans City*, 468 F. Supp. 3d 751 (E.D.

La. 2020) (citations omitted). When an "inadequate investigation" is alleged, "an arrestee must show that officer's failure to investigate was intentional or reckless, thereby shocking conscience; negligent failure to investigate does not violate due process." *Smith v. City of Dallas*, No. 3:07-CV-1413-O (BH), 2008 WL 11350015, at *7 (N.D. Tex. Nov. 18, 2008). Here, at best, Sims alleges that Detective Lambert negligently failed to "properly investigat[e] the case," which is insufficient to state a claim under the Fourteenth Amendment.

### 3. Sims other arguments are meritless.

Sims makes several other arguments with no support. While Sims argues that qualified immunity is inappropriate based on his scant allegations, Sims bears the burden of identifying the clearly established law that precludes the defense. *Nevarez v. Dorris*, 135 F.4th 269, 275 (5th Cir. 2025). Sims' bare argument is that "qualified immunity does not protect officers who rely on information they know to be false or who recklessly disregard evidence negating probable cause." [Doc. 21, p. 3]. But Sims did not allege that Detective Lambert knowingly relied on false information or was even aware of the supposedly conflicting evidence at any time before Sims' arrest. Sims' conclusory legal argument does not overcome qualified immunity.

Sims also argues that he should be given leave to amend. [Doc. 21, p. 3]. Although Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave when justice so requires," amendment is not warranted where it would be futile. *See Nix v. MLB*, 62 F.4th 920, 935 (5th Cir. 2023) (affirming denial of leave to amend where amendment would be futile under the Rule 12(b)(6) standard).

Amendment would be futile here for two independent reasons: no amendment can cure the Monroe Police Department's lack of capacity to be sued; and although Sims has already amended his complaint once, he does not identify any other facts that could cure the substantive deficiencies in his claims. Because any proposed amendment would still fail to state a claim, dismissal with prejudice is appropriate.

## 4. Conclusion

The motion to dismiss should be granted. Sims sued a party without capacity, failed to serve the individual defendants properly, and failed to state a claim for malicious prosecution, wrongful detention, or denial of due process. Sims complaint should be dismissed without leave to amend.

/s/ Brandon W. Creekbaum
Brandon W. Creekbaum, La. No. 33791
CITY OF MONROE, LEGAL DEPT.
400 Lea Joyner Memorial Expressway
Monroe, Louisiana 71201
Tel: (318) 329-2240
Brandon.Creekbaum@ci.monroe.la.us
*Attorney for the Monroe Police Department, Victor Zordan, and Ross Lambert*

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, a copy of the foregoing motion was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing, and all exhibits and attachments, will be sent to all counsel by operation of the Court's electronic filing system.  This filing was also e-mailed to the following parties:

> Mr. Matthew Sims
> 32 Mockingbird Drive
> Lake Orion, MI 48359
> Msims2515@gmail.com
> *Pro Se Plaintiff*

BY:  */s/ Brandon W. Creekbaum*
Brandon W. Creekbaum
