**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MATTHEW SIMS** | **CIVIL CASE NO. 25-666** |
| **VERSUS** | **JUDGE EDWARDS** |
| **STEVEN TEW, ET AL** | **MAGISTRATE JUDGE MCCLUSKY** |

### <u>MEMORANDUM RULING AND ORDER</u>

Before the Court are two motions to dismiss. The Monroe Police Department (the "MPD"), Victor Zordan ("Chief Zordan"), and Ross Lambert ("Detective Lambert") (collectively, the "MPD Defendants") filed the first Motion to Dismiss (R. Doc. 14). Robert S. Tew ("Tew"), the 4th Judicial District Attorney's Office (the "DA's Office"), and Ricky Smith ("Smith") (collectively, the "DA Defendants") filed the second Motion to Dismiss (R. Doc. 19). Matthew Sims ("Plaintiff") opposes both motions (R. Docs. 21, 25). MPD Defendants and DA Defendants (collectively referred to as "Defendants") replied (R. Docs. 24, 28).

After consideration of the parties' memoranda and the applicable law, the Motions are **GRANTED**.

### I.    <u>BACKGROUND</u>[1]

This case arises out of the alleged malicious prosecution of Plaintiff by Defendants. Without providing any background information, Plaintiff first alleges

---

[1] The factual background below comes "from the operative [...] complaint because, at this stage, we accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff...." *Nevarez v. Dorris*, 135 F.4th 269, 271 n.1 (5th Cir. 2025) (citation modified).

that "[i]nstead of properly investigating the case, Detective Ross Lambert simply accepted a false report that conflicts with bodycam footage and sworn testimony." *See* R. Doc. 9 at 3. Plaintiff, however, fails to include any information regarding the facts of "the case," who provided the "false report," whose "bodycam footage" conflicts with the report, and who provided the "sworn testimony." *See generally id*.

Then, Plaintiff claims that on February 8, 2022, "two years after the initial arrest, the Assistant District Attorney upgraded the Charge based on his own investigation." *See id*. However, Plaintiff claims that if the unnamed ADA—presumably Smith—had conducted a proper investigation, "he would have seen conflicting statements, coming from the arresting officer, as well as the alleged victim." *See id*. Lastly, on April 19, 2023, a second felony charge was added. *See id*. Again, neither Plaintiff's original Complaint, nor his Amended Complaint provide any further factual details. *See* R. Doc. 1 and 9.

Plaintiff filed suit against Smith, Tew, Chief Zordan, and Ross Lambert on May 15, 2025. *See generally* R. Doc. 1. He then filed his Amended Complaint on September 30, 2025, in which he added the MPD and DA's Office as defendants. *See generally* R. Doc. 9. Pursuant to 42 U.S.C. § 1983, Plaintiff asserts violations of the Fourth and Fifth[2] Amendments of the United States Constitution against Defendants.

---

[2] In an opposition, Plaintiff asserts that this Court should construe his Fifth Amendment claims against Defendants as claims under the Fourteenth Amendment. *See* R. Doc. 25 at 7. Given Plaintiff's *pro se* status, this Court did so. *See post* at 12–13.

## II.    LEGAL STANDARDS

### a.  Rule 12(b)(5)

A motion under Rule 12(b)(5) is proper to challenge the sufficiency of service. *Green v. City of Monroe*, No. CV 3:22-00884, 2023 WL 2773543, at *3 (W.D. La. Mar. 16, 2023), *report and recommendation adopted*, No. CV 3:22-00884, 2023 WL 2764653 (W.D. La. Mar. 31, 2023). When service is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service. *Kitchen v. Walk-On's Bistreaux & Bar*, No. 19-1062, 2020 WL 2404911, at *3 (W.D. La. May 12, 2020) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "A return of service is prima facie evidence of the manner of service. Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires the defendant to produce admissible evidence establishing the lack of proper service." *Flores v. Koster*, No. 11-0726, 2013 WL 4874115, at *2 (N.D. Tex. June 28, 2013) (internal citations omitted).

"The Court may consider affidavits or declarations in resolving Rule 12(b)(5) motions." *Walk-On's*, 2020 WL 2404911, at *1 (citations omitted). Without valid service of process, "proceedings against a party are void because a court cannot exercise personal jurisdiction over a defendant unless he was properly served." *Landry v. Garber*, No. 19-0367, 2019 WL 2946149, at *2 (W.D. La. June 21, 2019), *report and recommendation adopted*, 2019 WL 2943409 (W.D. La. July 8, 2019) (citing *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434,

435 (5th Cir. 1981)); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

### b. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "This requirement provides opposing parties 'fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). A court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 569). As the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). This plausibility standard calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim; however, mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* (citation omitted).

"A court should not dismiss a complaint with properly pled factual allegations, even if it strikes [the court] that actual proof of those alleged facts is improbable." *Bazinet v. Beth Israel Lahey Healthy, Inc.*, 113 F.4th 9, 15 (5th Cir. 2024) (quoting *Twombly*, 550 U.S. at 556) (cleaned up). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court, on a motion to dismiss for failure to state a claim, holds *pro se* plaintiffs to a more lenient standard than lawyers, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *See Chhim v. U. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Twombly*, 550 U.S. at 555. Ultimately, motions to dismiss under Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

III.   ANALYSIS

a.  Insufficient Service of Process

Chief Zordan and Detective Lambert seek dismissal of the claims against them on the basis that they were not properly served with process. *See* R. Doc. 14-1 at 3–4.

Plaintiff's Amended Complaint does not specify whether Chief Zordan and Detective Lambert are sued in their individual or official capacities, *see* R. Doc. 9, so both standards must be analyzed.

An officer sued in his individual capacity must be served pursuant to Federal Rule of Civil Procedure 4(e). *Harris v. Brown*, No. 21-CV-01332, 2021 WL 6329806, at *7 (W.D. La. Dec. 22, 2021); *see also* Fed. R. Civ. P. 4(e). Under Rule 4(e), the plaintiff may serve the summons and complaint (1) personally on the defendant; (2) on someone of suitable age and majority who resides at the defendant's usual place of abode; (3) on an authorized agent of the defendant; or (4) in accordance with state law. Fed. R. Civ. P. 4(e). Applicable Louisiana law provides that an individual may be served through personal or domiciliary service, or through an authorized agent. La. Code Civ. Proc. arts. 1231–1235. "Service on a police department, other officers or police station staff is generally insufficient to effect service on a police officer sued in his individual capacity." *Brown v. Lafayette City-Parish Consol. Gov't*, No. 13-CV-2436, 2014 WL 1212699, at *1 (W.D. La. Feb. 28, 2014) (collecting cases).

On the other hand, service of an officer sued in his official capacity is governed by Rule 4(j)(2). *See Gilmore v. Wolfe*, 15-CV-00280, 2016 WL 438978, at *2 (M.D. La. Feb. 3, 2016). Under Rule 4(j)(2), a plaintiff may serve an officer by delivering a copy of the summons and complaint (1) to the organization's chief executive officer ("CEO"); or (2) in the manner prescribed by Louisiana law for serving such a defendant. Under Louisiana Code of Civil Procedure Article 1265, "[a] public officer, sued as such, may be served at his office either personally, or *in his absence*, by service

6

upon any of his employees of suitable age and discretion." La. Code Civ. Proc. art. 1265 (emphasis added).

Here, neither Chief Zordan nor Detective Lambert were properly served in either their individual or official capacities. The service returns for both indicates that service was made on "Officer Stacy Freeman, Desk Clerk." *See* R. Doc. 16 at 3, 7. This purported service is insufficient to effect personal or domiciliary service. *See Carmouche v. Garber*, No. 19-CV-00023, 2020 WL 733236, at *2 (W.D. La. Feb. 12, 2020) ("Neither federal law nor state law permits service on an individual by delivering the papers to the person's workplace."). Further, "Officer Stacy Freeman" is not the organization's CEO, and Plaintiff has not demonstrated that she was served because Chief Zordan and Detective Lambert were absent from work. Thus, this Court lacks personal jurisdiction over these defendants in their individual and official capacities. As such, Plaintiff's claims against Chief Zordan and Detective Lambert are dismissed.

### b. Improper Defendants

Plaintiff has named as defendants the MPD and DA's Office. *See* R. Doc. 9. The MPD and DA's Office, however, are not proper defendants, and the motions to dismiss are granted as to any claims against them.

#### i. MPD

Pursuant to Rule 17(b), the capacity to sue or be sued is determined "by the law of the state where the Court is located." FED. R. CIV. P. 17(b). To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person." *Dugas*

7

*v. City of Breaux Bridge Police Dep't*, 757 So. 2d 741, 743 (La. App. 3 Cir. 2/2/00). In Louisiana, "city police departments … lack juridical capacity," and thus, are not capable of being sued. *Williams v. Houma Police Dep't*, No. CV 20-0040, 2020 WL 4808651, at *4 (E.D. La. July 14, 2020), *report and recommendation adopted*, 2020 WL 4785079 (E.D. La. Aug. 18, 2020). Accordingly, Plaintiff's claims against the MPD are dismissed with prejudice.

### ii. DA's Office

Similarly, courts have recognized that a Rule 12(b) motion is the "proper vehicle for seeking dismissal of claims on behalf of a defendant for lack of procedural capacity to be sued." *Roe v. Lowery*, No. 3:23-CV-01279, 2024 WL 5278884, at *6 (W.D. La. Dec. 18, 2024), *report and recommendation adopted*, No. CV 3:23-01279, 2025 WL 27615 (W.D. La. Jan. 3, 2025). Here, the DA's Office cannot be sued under Louisiana law. *See Ford v. Caddo Par.*, No. CV 15-0544, 2017 WL 6045465, at *2 (W.D. La. Dec. 6, 2017), *aff'd sub nom. Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023); *see also Hudson v. City of New Orleans*, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name."). "The law does not permit the plaintiff to file a claim against a District Attorney's Office, although a claim may be brought against the district attorney in his official capacity." *Green v. D.A. Off.*, No. CIV.A. 08-3685, 2009 WL 651132, at *3 (E.D. La. Mar. 10, 2009); *see also Armstrong*, 60 F.4th at 268 n.4 ("Thus, when attempting to sue a Louisiana DA's office under *Monell*, the current DA, rather than the office, is the proper defendant.") (cleaned up). "[T]he district court can treat the claim as one seeking monetary

damages against the District Attorney in his official capacity as District Attorney [of Ouachita and Morehouse Parishes].” *See id.* Thus, the Court will construe Plaintiff's claims against the DA's Office as claims against Tew—the current district attorney—in his official capacity. Accordingly, Plaintiff's claims against the DA's Office are dismissed with prejudice.

### c. Fourth Amendment Malicious Prosecution

Plaintiff casts a wide net under his malicious prosecution claim and applies it to “all defendants.” *See* R. Doc. 9 at 3. However, because the claims against Chief Zordan, Detective Lambert, the MPD, and the DA's Office have been previously dismissed, *see ante* at 5–9, the Court will only address the application of this claim against the remaining defendants, Tew and Smith.

#### i. Qualified Immunity

Tew and Smith seek qualified immunity from Plaintiff's § 1983 claims against them. *See* R. Doc. 19-1 at 3–4. Plaintiff merely asserts that the “actions of all defendants, especially but not limited to defendant ADA Ricky Smith by law, disqualifies their qualified immunity statute.” *See* R. Doc. 9 at 3. Qualified immunity protects “all but the plainly incompetent or those who knowingly violate the law.” *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity shields “government officials performing discretionary functions” from civil liability “insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.” *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (“Qualified immunity

9

gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."). "Qualified immunity protects government officials from money damages unless a plaintiff shows: (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct." *Khan v. Normand,* 683 F.3d 192, 194 (5th Cir. 2012). A court may rely on either prong of the defense in its analysis. *Manis v. Lawson,* 585 F.3d 839, 843 (5th Cir. 2009). "It is the plaintiff's burden to demonstrate that qualified immunity is inappropriate" at the motion to dismiss stage. *Guerra v. Castillo,* 82 F.4th 278, 285 (5th Cir. 2023) (quoting *Terwilliger v. Reyna,* 4 F.4th 270, 280 (5th Cir. 2021)).

Plaintiff alleges that the actions of Tew and Smith are "the most prime example of malicious prosecution perpetrated against" Plaintiff. *See* R. Doc. 9 at 3. A party asserting a § 1983 malicious prosecution claim must prove an unlawful Fourth Amendment seizure and substantiate the following six elements: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley,* 60 F.4th 262 (5th Cir. 2023) (citation omitted).

Plaintiff's claim fails on at least the fourth element. "[T]he gravamen of the Fourth Amendment claim for malicious prosecution ... is the wrongful initiation of charges without probable cause." *Thompson v. Clark,* 596 U.S. 36, 43 (2022).

Plaintiff's lone allegation does not establish that probable cause was absent at any point in the proceedings. Plaintiff does not identify the allegedly conflicting statements coming from the arresting officer or the alleged victim, nor does he allege that Smith, or any of the DA Defendants, were aware of any facts that would have negated probable cause at any point in the prosecution. Further, Plaintiff's allegations do not establish malice by Smith or Tew for the same reasons. Plaintiff's conclusory allegations are insufficient to establish a lack of probable cause or malice. Accordingly, Plaintiff's malicious prosecution claims against Smith and Tew are dismissed with prejudice.

### d. Monell Liability

Under § 1983, a plaintiff may file suit against a person acting under color of state law who has allegedly violated the plaintiff's constitutional rights. Section 1983 also allows for suits against local government entities themselves. In *Monell v. Dept. of Social Serv.*, 436 U.S. 658 (1978), the Supreme Court held that municipalities and local government agencies cannot be held liable for constitutional torts under § 1983 under a theory of respondeat superior, but they can be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 691, 694. In other words, merely establishing a constitutional violation by an employee of a local government entity is not enough to impose liability upon that entity under § 1983.

11

Rather, to succeed on a *Monell* claim against a local government entity, the plaintiff must establish (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *McGregory v. City of Jackson*, 335 Fed.Appx. 446, 448 (5th Cir. 2009), (citing *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-49 (5th Cir. 2003)). Locating an "official policy" or "custom" ensures that a local government entity will be held liable only for violations of constitutional rights that resulted from the decisions of those officials whose acts may fairly be said to be those of the government entity itself. *See Bryan Cty. Comm'rs v. Brown*, 520 U.S. 397, 403-05 (1997).

Here, Plaintiff fails to establish any of the three requirements to succeed on a *Monell* claim. Nowhere in his two-paragraph Amended Complaint does Plaintiff allege any official policy or custom, of which Tew has actual or constructive knowledge, or a constitutional violation whose "moving force" is that policy or custom. *See generally* R. Doc. 9. Nor does he claim to be able to allege any of these requirements in his opposition to the DA Defendants' motion to dismiss. *See generally* R. Doc. 25. Accordingly, Plaintiff's purported *Monell* claims against Tew are dismissed with prejudice.

### e. Fourteenth Amendment

Plaintiff asserts that this Court should construe his Fifth Amendment claims against Defendants as claims under the Fourteenth Amendment. *See* R. Doc. 25 at 7. Given Plaintiff's *pro se* status, the Court will do so. However, whether Plaintiff's claim

is reviewed under the Fifth or Fourteenth Amendment, Plaintiff's claim is dismissed with prejudice.

In *Albright v. Oliver*, the Supreme Court held that there was no Fourteenth Amendment "liberty interest" or substantive due process right to be free from criminal prosecution unsupported by probable cause. 510 U.S. 266, 270–71 (1994). Rather, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process" must be the guide for analyzing these claims.'" *Id.* at 273 (internal citations omitted). Thus, the *Albright* Court held that the plaintiff's claims based on prosecution without probable cause were best analyzed under the Fourth Amendment, as the "Framers [of the Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Id.* at 274. Given that the Supreme Court has not recognized a claim of malicious prosecution under the Fourteenth Amendment, Plaintiff's claim fails as a matter of law and is dismissed with prejudice. *See id.*; *see also Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010).

### f.  Requests for Leave to Amend

In his oppositions to both motions, Plaintiff requests leave to amend his complaint. *See* R. Doc. 21 at 3; *see also* R. Doc. 25 at 6–8. Defendants oppose Plaintiff's requests. *See* R. Doc. 24 at 6–7; *see also* R. Doc. 28 at 6.

Generally, a *pro se* plaintiff should be allowed to amend her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). A district court may consider the following factors in deciding whether to grant leave to amend: undue delay, bad faith or dilatory motive on the movant's part, repeated failures to cure deficiencies by previous amendments allowed, undue prejudice to the opposing party, and futility of the amendment. *Id.* Amendment is futile if any "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (collecting cases). Thus, the standard for whether amendment would be futile is "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

Because Plaintiff's Fourteenth Amendment claims and his claims against the MPD and DA's Office fail as a matter of law for the reasons discussed above, any amendment would be futile, so leave to amend is denied as to those claims. Also, Plaintiff's Fourth Amendment malicious prosecution claims against Sims and Tew are futile because such claims are barred by qualified immunity. Additionally, Plaintiff has already amended his complaint once, and when he did so, he added no additional factual allegations. *Compare* R. Doc. 1 *with* R. Doc. 9. Thus, there is

14

nothing to suggest that further amendment would cure any deficiency. The same goes for Plaintiff's purported *Monell* claim against Tew.

Lastly, Plaintiff's request for leave to amend his malicious prosecution claims against Chief Zordan and Detective Lambert are likewise denied as futile because they would be entitled to qualified immunity on those claims. Plaintiff was arrested in May 2020. However, the Fifth Circuit has stated that the elements of a § 1983 malicious prosecution claim were not clearly established until *Armstrong* was decided in February 2023. *See Santander v. Salazar*, 133 F.4th 471, 482–83 (5th Cir. 2025) (explaining that "there was no clearly established law in this circuit to violate" until the court established the elements of a malicious prosecution in *Armstrong*). Thus, regardless of whether Plaintiff alleges a plausible claim for malicious prosecution against Chief Zordan and Detective Lambert, they "could not have violated clearly established law" because there was none to violate. *Id*. at 483; *see also Espinal v. City of Houston*, 96 F.4th 741, 749 (5th Cir. 2024) (explaining that the constitutional malicious prosecution tort did not exist in the Fifth Circuit in 2020). As such, any claims against them would be futile. Accordingly, Plaintiff's Fourth Amendment malicious prosecution claims against Chief Zordan and Detective Lambert fail as a matter of law, and those claims are dismissed with prejudice.

15

## IV.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Defendants' Motions to Dismiss (R. Doc. 14, 19) are

**GRANTED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims are hereby

**DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this 9th day of July, 2026.


_Jerry Edwards, Jr._
_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

16